SUMNER A. SHEFFIELD *vs.* JOHN MULLIN, Administrator, and others.

December 27, 1880.

Evidence *held* sufficient to sustain finding of referee.

Plaintiff, surviving partner in the firm of Brandt & Co., composed of plaintiff and Charles Brandt, brought this action in the district court for Rice county against the defendant Mullin as administrator, and the other defendants, who are the widow and children, of Charles Brandt, alleging that during the lifetime of Charles Brandt, the business of the firm (which was the manufacture and sale of lager beer at Faribault, in Rice county) was managed by Brandt as the active partner, the plaintiff being a resident of California, and unable to give it any personal attention. That on Brandt's death he was indebted to the firm for beer furnished him in his individual business as a retailer, and the firm itself was indebted in an amount exceeding the salable value of its assets, which consisted principally of its brewery and the machinery and vessels and material used in the business, and the land on which the brewery stood. That the plaintiff, still continuing to reside in California, and unable to give his personal attention to the winding up of the business, employed as his agent for that purpose his brother M. B. Sheffield, a competent person, at a salary of $1,500 per year, which plaintiff has paid him. That the plaintiff was unable to effect a sale of the property, and as interest was constantly accruing on the firm indebtedness, and the business, if carried on, would more than pay expenses, while the property would deteriorate if suffered to lie idle, the business has been carried on down to the commencement of the action by plaintiff as surviving partner; that such business has paid all expenses, including the agent's salary, and that the assets and debts of the late firm continue substantially the same as at the date .

of the death of Brandt. That there appears to be no probability of finding a purchaser for the property at a price satisfactory to all parties, and it is for the interest of all parties that the property be sold and the partnership affairs settled. Judgment is demanded that a receiver be appointed, the property sold, for an accounting, etc.

At the trial, before a referee, the plaintiff put in evidence the books of the firm and an account (Exhibit K) showing payments to the agent M. B. Sheffield on account of salary, and the agent also testified on the subject. By this evidence (which the statement of case certifies to be "all the evidence on the subject of the amount which has been paid or received by M. B. Sheffield on his salary, and all moneys paid him by the concern or taken by him from the business or moneys of the copartnership for or on account of salary,") the total amount of money received by the agent for salary was $3,129.50. The testimony of the agent on this point was "the firm has paid my salary and all expenses for running the business which have been paid. The payment of salary and expenses were paid out of the profits of the business."

The referee found, among other things, that plaintiff had paid the agent M. B. Sheffield a salary of $1,500 per year from the death of Brandt (December 6, 1875) to June 1, 1880, and that the same had been paid out of the profits of the business; but that M. B. Sheffield's services were worth but $480 per year, and any payment to him out of the company funds in excess of that sum was unauthorized and should be accounted for by plaintiff. He also found certain sums due by plaintiff and defendant respectively to the firm, which should be paid, and ordered judgment that a receiver be appointed, the property sold, etc. Judgment was entered accordingly, and plaintiff appealed.

*Gordon E. Cole*, for appellant.

By the uncontradicted testimony M. B. Sheffield has been

paid out of the proceeds of the business, to apply on his salary, $3,129.50 and no more. But the referee finds he has been paid from December 6, 1875, to June 1, 1880, (four years and six months,) at the rate of $1,500 per year—that is, that he has been paid $6,750. All in excess of $3,129.50 is error, and to that extent the judgment should be modified.

*John H. Case*, for respondents.

The plaintiff in his complaint alleges that M. B. Sheffield has been paid his salary at the rate of $1,500 per year, and that this salary has been paid out of the profits of the business, and the agent testifies to the same effect.

BERRY, J. It is of course possible that the referee may have fallen into the mistake attributed to him by the plaintiff, but there is certainly evidence which has a reasonable tendency to sustain his finding. While in such circumstances it is not necessary to indulge in conjectures, it occurs to us that while Exhibit K and the firm books contained—as the agent testified—a true statement of all moneys taken out by him for his salary, it may be that he had received things other than money, sufficient, when added to the money payments, to discharge his entire salary. We see no sufficient reason for disturbing the finding, and the judgment is accordingly affirmed.